———O———

## No. 3388.

(Court of Appeal, Parish of Orleans.)

HEIRS OF PETER JOHNSON vs. HORATIO LANGE

Appeal from Civil District Court, Division "C."

Albert Voorhies, for Plaintiff and Appellant.

Jas. Wilkinson, for Defendant and Appellee.

The exemptions in favor of minors in matters of prescription contained in the Civil Code cannot affect a constitutional provision protecting tax titles from attack after three years from the recordation of the tax or from the date when the tax purchaser went into actual possession.

DUFOUR, J. The plaintiffs, two of whom are minors, sue to recover an undivided interest in certain real estate bought by defendant at an execution sale in 1899, and also in the same year from Howcott, who had acquired at tax sale. They aver that defendant had been in possession for three years previous to the institution of the suit.

Among the defences urged we need notice but one; that of pre-

scription of three years protecting the tax title from attack.

The defendant had been in possession for three years and his deed had been recorded for the same length of time; it is not claimed that there was a dual assessment, or that the taxes for which the property was sold had been paid prior to the sale. It follows that a suit will not lie to attack the title.

That two of the plaintiffs should be minors does not alter the situation. The exceptions in favor of minors in matters of pre-scription contained in the Civil Code cannot affect a constitutional provision.

Had the Constitution intended to exempt minors, it would have said so; its object was to strengthen tax titles and quiet them in a specified and limited time. This object would be annulled by injecting into the organic law a long period of minority, during which the validity of the title must remain in abeyance.

The judgment rejecting plaintiff's demand is correct. Judgment affirmed.

April 18th, 1904.

Rehearing refused June 6, 1904.

Notice of intention to apply to Supreme Court for writ, etc., June 7, 1904.